Anthony R. Paesano MI Bar No. P60173
Appearing *pro hac vice*
apaesano@paawlawfirm.com
PAESANO AKKASHIAN APKARIAN, P.C.
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
Telephone: (248) 792-6886
Facsimile: (248) 792-6885

Attorneys for Plaintiff/Judgment Creditor
A&F BAHAMAS, LLC, a Florida limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&F BAHAMAS, LLC, a Florida limited liability company,<br><br>  Plaintiff/Judgment Creditor,<br>v.<br><br>WORLD VENTURE GROUP, INC., a California corporation, WORLD VENTURE CAPITAL, INC., a New York corporation, D. GENO BRUNTON, DESMOND BRUNTON, jointly and severally,<br><br>  Defendants/Judgment Debtors. | Case No.   2:17-cv-08523-VAP-(SSx)<br><br>[PROPOSED] PROTECTIVE ORDER |

This matter having come before the Court pursuant to the Court's October 19, 2018 *Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Subpoena to Non-Party Debtor Christine Brunton* (Dkt. No. 93); Plaintiff having submitted its proposed Stipulation and Order for Protective Order to counsel for Non-Party Debtor Christine Brunton for approval but having received no response; and the Court being fully advised in the premises and finding

that a protective order is necessary; the Court hereby orders that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1. Purposes and Limitations:

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 19, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. Good Cause Statement:

This Stipulated Protective Order is being submitted pursuant to the October 19, 2018 Order of this Court in order to address Non-Party Christine

Brunton's privacy concerns regarding the production of documents in response to Plaintiff A&F Bahamas, LLC's April 20, 2018 Subpoena to her.

3. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information.

4. A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document, or may place the appropriate designation mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

5. A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated "Confidential" as "Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

6. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or,

within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed Confidential for a period of 30 days after the receipt of the deposition transcript.

    a. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes "Confidential" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below shall be excluded from that portion of the deposition.

    b. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

7. If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so

inform the party receiving the documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

8. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

9. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving

notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

10. Should any party object to a designation of any information, documents, or things as "Confidential," the parties or the producing party shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things pursuant to Local Rule 37.1 et seq. The parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If any objection is not thereby resolved, the party claiming the "Confidential" status of the information, documents, or things may bring the dispute before the Court for a determination. The party claiming the "Confidential" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" shall be treated as such.

11. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding or any other proceeding including substantially similar parties

or substantially similar issues.

12. All documents, information, or things designated as "Confidential" shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

   a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

   b. experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

   c. any court reporter employed in this case;

   d. a witness at any deposition or other proceeding in this case;

   e. a potential witness; and

   f. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

13. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraph 12 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

14. Materials designated as "Confidential" shall not be disclosed by opposing counsel to former agents or representatives of Plaintiff or Defendant, respectively, or to a testifying or non-testifying expert or consultant under paragraph 12 unless and until such agent, representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as **Exhibit A.** Current representatives of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

15. No documents, information, or things designated as "Confidential," including that contained in pleadings, motions, briefs, declarations, or exhibits (except in sealed envelopes) shall be filed with the Court. Such sealed envelopes shall bear the case caption and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated "Confidential," such sealed envelopes shall prominently bear the notice:

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.**

To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal (as provided in paragraph 19) or provided to the Court for *in camera* inspection. The Court and its staff shall maintain all filings so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

    16. Nothing in this Order shall preclude any party or their attorneys from:

        a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

        b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

        c. Disclosing or using, in any manner or for any purpose, any

information, document, or thing at the trial or any hearing in this this matter. But if a party intends to use or offer into evidence at such trial or court hearing any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

    d. Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

17. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

18. Within sixty (60) days of the conclusion of this action, including

any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the opposing party. However, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

19. This Order does not authorize or permit the filing of any documents under seal – which parties may not do by stipulation. Records may only be sealed if authorized by statute, rule, or order of the Court. The party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

20. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground

on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

21. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

1\17\19

_____
Hon. Suzanne Segal
United States Magistrate Judge

Respectfully submitted,

PAESANO AKKASHIAN APKARIAN, P.C.

By: /s/ *Anthony R. Paesano*
    ANTHONY R. PAESANO
Attorney for Plaintiff/Judgment Creditor
A&F BAHAMAS, LLC

# EXHIBIT A CONFIDENTIALITY AGREEMENT

STATE OF _____ )
                                              ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. My address is: _____.

2. My present employer is _____ and the address of my employer is _____.

3. My present occupation is _____.

4. I have received a copy of the Stipulated Protective Order in this case of _____, Case No. _____ in the United States District Court for the Central District of California.

5. I submit to the jurisdiction of the United States District Court for the Central District of California for purposes of Enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____

Subscribe and sworn to before me,
this ____ day of _____, 2018.

_____

Notary Public
My commission expires: _____
Acting in the County of _____